No. 76–1834. KLEIN, DIRECTOR, DEPARTMENT OF HEALTH AND WELFARE OF IDAHO, ET AL. *v.* DOE ET AL. Appeal from D. C. Idaho. Motion of appellees for leave to proceed *in forma pauperis* granted. Judgment vacated and case remanded for further consideration in light of *Beal* v. *Doe,* 432 U. S. 438 (1977), and *Maher* v. *Roe,* 432 U. S. 464 (1977).

MR. JUSTICE BLACKMUN, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join.

The opinion and judgment of the three-judge District Court in this case were both filed prior to this Court's pronouncements on June 20, 1977, in *Beal* v. *Doe,* 432 U. S. 438, and *Maher* v. *Roe,* 432 U. S. 464, and so the District Court did not have the benefit of those decisions. Being bound by *Beal* and *Maher,* although not at all persuaded or agreeing with them, I am compelled to go along with the Court's order today in the present case.

Inasmuch, however, as the Idaho statute under challenge, 1976 Idaho Sess. Laws, ch. 339, § 3, denies the use of funds for an abortion "unless it is the recommendation of two (2) consulting physicians that an abortion is necessary to save the life or health of the mother . . . ," it seems to me that what this Court said and held in *Doe* v. *Bolton,* 410 U. S. 179, 198–200 (1973), about this type of statutory provision is most pertinent. I therefore trust that the District Court, on remand, will examine the Idaho statute in the light of this particular aspect of *Doe* v. *Bolton.*

I note also that the challenged 1976 Idaho statute was an appropriation Act applicable only to the fiscal year ended June 30, 1977. The appellees' Motion to Dismiss and/or

Affirm in Part asserts, at 4, that the statute "expired by law on June 30, 1977, but was immediately replaced by a permanent codified change to Idaho law (Idaho Code § 56–209c) enacted by the 1977 Idaho Legislature." The new statute is 1977 Idaho Sess. Laws, ch. 321. What effect, if any, all this may have upon the continued vitality of this litigation is something the District Court may also wish to consider on remand.